CJB/DAG

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIM. NO. 17-139-CG |
| v. | * | USAO NO. 16R00344 |
| | * | |
| KAREN HILL | * | VIOLATION: 18 USC § 371 |
| | * | |

*Filed in Open Court JUL 11 2017 Charles R. Diard, Jr. Clerk*

# INFORMATION

**THE UNITED STATES ATTORNEY CHARGES:**

## COUNT ONE

1. From on or about June 7, 2012, through in or about February 28, 2017 in the Southern District of Alabama, Southern Division, and elsewhere, the defendant,

**KAREN HILL,**

did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree with Natalie Perhacs and others to commit an offense against the United States, to-wit:

> to knowingly and willfully offer, pay, solicit, and receive any remuneration (including any kickback, bribe, or rebate), directly or indirectly, overtly or covertly, in cash or in kind in return for purchasing, leasing, ordering, and arranging for, or recommending purchasing, leasing, and ordering any good, facility, service, or item for which payment may be made in whole or in part under a Federal healthcare program, in violation of Title 42, United States Code, Section 1320a-7b(b).

### OBJECT OF THE CONSPIRACY

2. The objective of this conspiracy was to facilitate the payment of kickbacks to certain medical practitioners in exchange for their prescribing large volumes of a brand-name instant release fentanyl drug manufactured by a pharmaceutical company identified herein as "Company A."

1

4823-4801-2875.2

## MANNER AND MEANS

3. The manner and means of this conspiracy included, but were not limited to the following:

   a. In or about August 2012, Company A launched a program whereby select medical practitioners were paid an honorarium, typically ranging between $1,000.00 to $3,000.00, in exchange for conducting brief speaking programs in their local areas. On the surface, the speaker programs were designed so that medical practitioners currently prescribing Company A's drug would have a forum to extol its benefits to other potential prescribers. However, in reality, the purpose of the speaker programs was to be a means by which Company A could pay kickbacks to high-prescribing medical practitioners in exchange for their continued, and hopefully increasing, prescribing of Company A's drug.

   b. As a member of this nationwide conspiracy to pay illegal kickbacks, **KAREN HILL** facilitated the payment of kickbacks to Dr. Xiulu Ruan and Dr. John Patrick Couch in Mobile, Alabama, as well as to various medical practitioners in the State of Florida.

## OVERT ACTS

4. The following overt acts were committed, among others:

   (1) On or about February 13, 2014, Dr. Couch received check number 1920 from Company A, payable to "John Patrick Couch," in the amount of $1,600.00.

(2) On or about May 1, 2014, Dr. Ruan received check number 3057 from Company A, payable to "Xiulu Ruan XLR Properties, LLC." in the amount of $6,000.00.

(3) On or about November 14, 2014, Dr. Ruan received check number 5390 from Company A, payable to "Xiulu Ruan XLR Properties, LLC." in the amount of $3,750.00.

5. All in violation of Title 18, United States Code, Section 371.


/s/ STEVE BUTLER
STEVE BUTLER
ACTING UNITED STATES ATTORNEY


JULY 2017

# PENALTY PAGE

**CASE STYLE:** UNITED STATES v. KAREN HILL

**DEFENDANT:** KAREN HILL

**USAO NUMBER:** 16R00344

**AUSAS:** CHRISTOPHER J. BODNAR
DEBORAH A. GRIFFIN

**STATUTE:**

    Count 1: 18 USC § 371 (Conspiracy to Violate Anti-Kickback Statute)

**PENALTY:**

    Count 1: 5yrs/$250,000/3yrsSRT/$100SA

4

4823-4801-2875.2